UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 1 5 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-336-GWU

VIRGINIA ANDERSON,                  PLAINTIFF,

VS:           MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Virginia Anderson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

     1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

     2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

     3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

     4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

     5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Anderson, a 37 year-old[1] former assembler and machine operator with a high school education, suffered from impairments related to right ear disturbance associated with poor balance and decreased perception of low sounds. (Tr. 15, 18). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20-21).

The time period relevant to this appeal is important. Anderson alleged a disability onset date of May 10, 1982 on her DIB application. (Tr. 46). The ALJ

---

[1] The plaintiff, who was born on December 7, 1944, ranged in age from 37 to 43 during the pertinent time period. (Tr. 329).

5

determined that her DIB-insured status expired on June 30, 1988. (Tr. 21). Therefore, the plaintiff must establish she became disabled between May 10, 1982 and June 30, 1988 to qualify for DIB.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine Bradford included such non-exertional restrictions as a need to avoid exposure to loud noise, heights, hazards, or dangerous moving machinery and inability to ever climb. (Tr. 346). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 348-349). Bradford noted that these were current job numbers, rather than for the time period between 1982 and 1988. (Tr. 347). However, the expert also stated that the job figures for the pertinent time period would only be 10 to 20 percent lower than for the current time period. (Tr. 347). Therefore, assuming that the vocational factors considered by Bradford fairly characterized Anderson's condition, then a finding of disabled status, within the meaning of the Social Security Act is precluded.

The hypothetical question fairly depicted Anderson's condition as required by Varley. Dr. James Bean opined in May of 1982 that the plaintiff needed to avoid exposure to loud noise and hazardous machinery. (Tr. 323). The hypothetical factors were fully consistent with this opinion. No other treating or examining source during the relevant time period, including the staff at Green Memorial Hospital (Tr. 170-174, 192-198, 289-313) and the staff at Kettering Medical Center (Tr. 183-187) identified the existence of more severe physical restrictions than those presented to the vocational expert. These reports provide

6

substantial evidence to support the administrative decision.

The ALJ properly determined that Anderson did not suffer from a "severe" mental impairment during the relevant time period. The plaintiff did complain to a treating source at Green Memorial Hospital that she had "bad nerves." (Tr. 289). However, no mental restrictions were ever ascribed to the claimant and she was not referred for treatment to a mental health professional. Psychologists Lea Perritt (Tr. 228) and Jay Athy (Tr. 243), the non-examining medical reviewers, each opined that the record did not indicate that Anderson had suffered from a "severe" mental impairment during the pertinent time period. Therefore, under these circumstances, the ALJ acted properly.

Anderson asserts that the ALJ erred in failing to give proper weight to the opinions of her treating physicians, particularly Dr. E. Schmitt, a treating source at Green Memorial Hospital. However, as previously noted, no treating or examining physician of record ever identified the existence of more severe functional limitations than those found by the ALJ. Therefore, the Court must reject the plaintiff's argument.

Anderson argues that the ALJ erred in rejecting the opinion of R. Zimmer, her treating chiropractor. Zimmer treated the claimant during the relevant time frame and opined that her musculoskeletal problems would impose a 15 percent impairment to "the body as a whole." (Tr. 321). However, Zimmer did not cite specific functional restrictions which contradict those found by the ALJ. Furthermore, the federal regulations at 20 C.F.R. Section 404.1513 state that a chiropractor is not considered to be an "acceptable medical source" whose opinion is binding on the administration. Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997). Therefore, the ALJ could properly reject this opinion.

7

Anderson also asserts that the ALJ erred in evaluating the requirements of her past work as indicated in Social Security Ruling 82-62. However, since the plaintiff was found to be unable to return to her past work, any error would appear harmless.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __15__ day of June, 2005.

G. WIX UNTHANK
SENIOR JUDGE